IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

IN RE:
Reginald Delatour } Case No: 3:15-bk-09086
1061 JAMES SNOW ROAD
Westmoreland, TN 37186 } Chapter 13
SSN: xxx-xx-3570 }
}
} Judge Marian F. Harrison
Debtor. }

## NOTICE OF AMENDED PLAN

COMES NOW the Debtor, by and through counsel, and would give notice of filing of an Amended Chapter 13 plan to surrender Jetta and to provide different plan treatment to Toyota.

The amended plan is attached hereto.

APPROVED FOR ENTRY:

/s/ James A. Flexer
JAMES A. FLEXER, BPR #9447
Attorney for Debtors
1900 Church Street, Suite 400
Nashville, TN 37203
(615) 255-2893
fax: (615) 242 8849
cm-ecf@jamesflexerconsumerlaw.com

Debtor **REGINALD DELATOUR**
United States Bankruptcy Court for the **MIDDLE DISTRICT OF TENNESSEE** ☑ Check if this is an amended plan
[Bankruptcy district]

Case number: **3:15-bk-09086**

Official Form 113
Chapter 13 Plan

### Part 1: Notices

**To Debtors:** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.

In the following notice to creditors and statement regarding your income status, you must check each box that applies.

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance to you. Boxes must be checked by debtor(s) if applicable.

☐ **The plan seeks to limit the amount of a secured claim, as set out in Part 3, Section 3.2, which may result in a partial payment or no payment at all to the secured creditor.**

☐ **The plan requests the avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest as set out in Part 3, Section 3.4.**

☑ **The plan sets out nonstandard provisions in Part 9.**

**Income status of debtor(s), as stated on Official Form 122-C1**

*Check one.*
☑ The current monthly income of the debtor(s) is less than the applicable median income specified in 11 U.S.C. § 1325(b)(4)(A).

☐ The current monthly income of the debtor(s) is not less than the applicable median income specified in 11 U.S.C. § 1325(b)(4)(A).

### Part 2: Plan Payments and Length of Plan

**2.1 Debtor(s) will make regular payments to the trustee as follows:**
**$720.00 Bi-weekly for 60 months**

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in Parts 3 through 6 of this plan.

**2.2 Regular payments to the trustee will be made from future earnings in the following manner:**
*Check all that apply.*
☑ Debtor(s) will make payments pursuant to a payroll deduction order.

☐ Debtor(s) will make payments directly to the trustee.

☐ Other (specify method of payment): _____ .

**2.3 Income tax refunds.**
*Check one.*
☑ Debtor(s) will retain any income tax refunds received during the plan term.

☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.

| Debtor | **REGINALD DELATOUR** | Case number | **3:15-bk-09086** |
|---|---|---|---|

☐ Debtor(s) will treat income refunds as follows:

**2.4 Additional payments.**
*Check one.*
☑ **None.** If "None" is checked, the rest of § 2.4 need not be completed or reproduced.

**2.5 The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.4 is** $**85,800.00**.

### Part 3: Treatment of Secured Claims

**3.1 Maintenance of payments and cure of default, if any.**
*Check one.*
☑ The debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract. These payments will be disbursed either by the trustee or directly by the debtor, as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated. Unless otherwise ordered by the court, the amounts listed on a proof of claim or modification of a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below as to the current installment payment and arrearage. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease and all secured claims based on that collateral will no longer be treated by the plan. The final column includes only payments disbursed by the trustee rather than by the debtor.

| Name of Creditor | Collateral | Current installment payment (including escrow) | Amount of arrearage, if any | Interest rate on arrearage (if applicable) | Monthly plan payment on arrearage | Estimated total payments by trustee |
|---|---|---|---|---|---|---|
| **Pennymac Loan Services** | **1061 JAMES SNOW ROAD Westmoreland, TN 37186 Sumner County** | $999.99 | $3,000.00 | 0.00%e | $0.00 | $62,999.40 |
| | | Disbursed by:<br>☑ x Trustee<br>☐ x Debtor(s) | | | | |

Insert additional claims as needed.

3.2 Request for valuation of security and claim modification. *Check one.*
☑ **None.** If "None" is checked, the rest of § 3.2 need not be completed or reproduced.

**3.3 Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*
☑ The claims listed below were either:

(1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

(2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed either by the trustee or directly by the debtor, as specified below. Unless otherwise ordered by the court, the claim amount stated on a proof of claim or modification of a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) controls over any contrary amount listed below. The final column includes only payments disbursed by the trustee rather than by the debtor.

| Name of Creditor | Collateral | Amount of claim | Interest rate | Monthly play payment | Estimated total payments by trustee |
|---|---|---|---|---|---|
| **Toyota Motor Credit** | **2006 TOYOTA 4-RUNNER 130,000 miles UNDER 910** | $10,698.00 | 5.00% | $205.00 | $12,283.14 |
| | | | | Disbursed by: | |

APPENDIX D                                   Chapter 13 Plan                                   Page 1

| Debtor | **REGINALD DELATOUR** | | Case number | **3:15-bk-09086** | |
|---|---|---|---|---|---|
| **Name of Creditor** | **Collateral** | **Amount of claim** | **Interest rate** | **Monthly play payment** | **Estimated total payments by trustee** |
| | | | | ☑ Trustee ☐ Debtor(s) | |

*Insert additional claims as needed.*

3.4 Lien avoidance

    Check one.
        ☑ **None.** If "None" is checked, the rest of § 3.4 need not be completed or reproduced.

**3.5 Surrender of collateral.**

    Check one
        ☑ The debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. The debtor(s) consent to termination of the stay under 11 U.S.C. § 362(a) and § 1301 with respect to the collateral, upon confirmation of the plan. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below.

| **Name of Creditor** | **Collateral** |
|---|---|
| **Wells Fargo Dealer Services** | **2013 VOLKSWAGEN JETTA 56,000 miles UNDER 910** |

*Insert additional claims as needed.*

## Part 4: Treatment of Fees and Priority Claims

**4.1 General**

Trustee's fees and all allowed priority claims other than those treated in § 4.6 will be paid in full without interest.

**4.2 Trustee's fees**

Trustee's fees are estimated to be **5.00%** of plan payments; and during the plan term, they are estimated to total **$4,680.00**.

**4.3 Attorney's fees**

The balance of the fees owed to the attorney for the debtor(s) is estimated to be **$3,520.00**.

**4.4 Priority claims other than attorney's fees and those treated in § 4.5.**
    *Check one.*
        ☐ **None.** If "None" is checked, the rest of § 4.4 need not be completed or reproduced.
    **$310.00 FILING FEE**

4.5 Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.

    Check one.
        ☑ **None.** If "None" is checked, the rest of § 4.5 need not be completed or reproduced.

## Part 5: Treatment of Nonpriority Unsecured Claims

**5.1 Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. Check all that apply.
    ☐ The sum of $
    ☑ **20.00** % of the total amount of these claims.
    ☐ The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $ **105.00** . Regardless

of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2 Interest on allowed nonpriority unsecured claims not separately classified.** *Check one.*

☑ **None.** If "None" is checked, the rest of § 5.2 need not be completed or reproduced.

**5.3 Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

☑ **None.** If "None" is checked, the rest of § 5.3 need not be completed or reproduced.

**5.4 Other separately classified nonpriority unsecured claims. Check one.**

☑ **None.** If "None" is checked, the rest of § 5.4 need not be completed or reproduced.

## Part 6: Executory Contracts and Unexpired Leases

**6.1 The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** Check one.

☑ Assumed items. Current installment payments will be disbursed either by the trustee or directly by the debtor, as specified below. Arrearage payments will be disbursed by the trustee. The final column includes only payments disbursed by the trustee rather than by the debtor.

| Name of Creditor | Description of leased property or executory contract | Treatment (Refer to other plan section if applicable) | Current installment payment | Amount of arrearage to be paid | Estimated total payments by trustee |
|---|---|---|---|---|---|
| **VERIZON** | CELL PHONE CONTRACT | ASSUME | **$190.00** Disbursed by: ☐ Trustee ☑ Debtor(s) | **$0.00** | |

*Insert additional claims as needed.*

## Part 7: Order of Distribution of Trustee Payments

**7.1 The trustee will make the monthly payments required in Parts 3 through 6 in the following order, with payments other than those listed to be made in the order determined by the trustee:**
    **Filing Fee - Class 1**
    **Notice Fee - Class 2**
    **Vehicle Payments - CLass 3**
    **House Payment - Class 4**
    **Attorney Fees - Class 5**
    **Mortgage Arrears - Class 6**
    **General Unsecured - Class 7**

## Part 8: Vesting of Property of the Estate

**8.1 Property of the estate will vest in the debtor(s) upon**

*Check the appliable box:*
☐ plan confirmation.
☑ entry of discharge.
☐ other: _____

**Part 9:** **Nonstandard Plan Provisions**

☐ **None.** If "None" is checked, the rest of § 6.1 need not be completed or reproduced.

**Amendment to Part 2:**

**Debtor will make regular payments to the trustee as follows:** $660.00 per BI-WEEKLY for 60 months, in the following manner:
Debtor will make payments pursuant to a payroll deduction order issued to the Debtor's employer:

  DFAS
  1240 EAST 9TH STREET
  ROOM 1907
  CLEVELAND, OH 44199

**Amendment to Part 3.1:**

If the holder of a claim listed above files a Notice of Mortgage Payment Change under Rule 3002.1, FED. R. BANKR. P., the Trustee may adjust the postpetition regular payment listed above and payments into the plan in paragraph 2 in accordance with the creditor's notice upon filing a notice of payment adjustment and delivering a copy to the debtor, the debtor's attorney, the creditor, and the U.S. Trustee.

The Trustee is authorized to pay any postpetition fees, expenses, and charges, notice of which is properly filed pursuant to Rule 3002.1, FED. R. BANKR. P., and as to which no objection is raised, at the same disbursement level as the arrearage claim listed above.

**Addition to Part 3.1:**

**Provisions Relating to Claims Secured by Real Property Treated Pursuant to § 1322(b)(5)**
Confirmation of this Plan imposes upon any claimholder treated under Part 3.1 and, holding as collateral, the residence of the Debtor(s), the obligation to: (i) Apply the payments received from the trustee on pre-confirmation arrearages only to such arrearages. For purposes of this plan, the "pre-confirmation" arrears shall include all sums designated as pre-petition arrears in the allowed Proof of Claim plus any post-petition pre-confirmation payments due under the underlying mortgage debt not specified in the allowed Proof of Claim. (ii) Deem the mortgage obligation as current at confirmation such that future payments, if made pursuant to the plan, shall not be subject to late fees, penalties, or other charges.

**Amendment to Part 4:**

  **Attorney's fees**
  The balance of the fees owed to the attorney for the debtor(s) is estimated to be **$3,520.00**, to be paid as follows: CLASS 5 ALL FUNDS.
  The attorney was paid **$0.00** prior to the filing of this case.

**Amendment to Part 7.1:**

Postpetition claims allowed pursuant to 11 U.S.C. § 1305 shall be paid in full but subordinated to the payment of unsecured claims as provided in paragraph 3 above.

**Part 10: Signatures:**

X  **/s/ James A. Flexer**    Date  **February 15, 2016**
   **James A. Flexer 9447**
**Signature of Attorney for Debtor(s)**

X  **/s/ REGINALD DELATOUR**    Date  **February 15, 2016**
   **REGINALD DELATOUR**

X  _____    Date  _____

**Signature(s) of Debtor(s) (required if not represented by an attorney; otherwise optional)**

Debtor **REGINALD DELATOUR** Case number **3:15-bk-09086**

**Exhibit: Total Amount of Estimated Trustee Payments**

The trustee will make the following estimated payments on allowed claims in the order set forth in Section 7.1:

| | | |
|---|---|---:|
| a. | **Maintenance and cure payments on secured claims** (Part 3, Section 3.1 total): | **$62,999.40** |
| b. | **Modified secured claims** (Part 3, Section 3.2 total): | **$0.00** |
| c. | **Secured claims excluded from 11 U.S.C. § 506** (Part 3, Section 3.3 total): | **$12,283.14** |
| d. | **Judicial liens or security interests partially avoided** (Part 3, Section 3.4 total): | **$0.00** |
| e. | **Fees and priority claims** (Part 4 total): | **$7,810.00** |
| f. | **Nonpriority unsecured claims** (Part 5, Section 5.1 total): | **$2,397.46** |
| g. | **Interest on allowed unsecured claims** (Part 5, Section 5.2 total) | **$0.00** |
| h. | **Maintenance and cure payments on unsecured claims** (Part 5, Section 5.3 total) | **$0.00** |
| i. | **Separately classified unsecured claims** (Part 5, Section 5.4 total) | **$0.00** |
| j. | **Trustee payments on executory contracts and unexpired leases** (Part 6, Section 6.1 total)      + | **$0.00** |

**Total of lines a through j**.................................................................................................... **$85,490.00**

# CERTIFICATE OF SERVICE

I hereby certify that on February 16, 2016, I furnished a true and correct copy of the foregoing to the following parties in interest:

<u>Electronic</u>
Henry E. Hildebrand, III
Chapter 13 Trustee
PO Box 340019
Nashville, TN 37203

<u>Electronic</u>
Samuel Crocker, U.S. Trustee
318 Customs House, 701 Broadway
Nashville, TN 37203

<u>U.S. mail first class</u>
Reginald Delatour
1061 JAMES SNOW ROAD
Westmoreland, TN 37186


I have sent 11 notices; I have mailed 9 notices.

          /s/ James A. Flexer
          James A. Flexer

Reginald Delatour 3:15-bk-09086

## Creditor

**Fed Loan Servicing**
PO Box 69184
Harrisburg PA 17106

**Military Star**
3911 Walton Walker
Dallas TX 75266

**Pennymac Loan Services**
Attn: Bankruptcy
PO Box 514357 Los Angeles CA 90051

**PENNYMAC LOAN SERVICES LLC**
C/O ALDRIDGE PITE LLP
BANKRUPTCY DEPARTMENT FIFTEEN PIEDMONT CENTER 3575 PIEDMONT ROAD NE SUITE 500 ATLANTA GA 30305

**Toyota Motor Credit**
Toyota Financial Services
PO Box 8026 Cedar Rapids IA 52408

**Toyota Motor Credit Corporation**
P.O. Box 9013
Addison, Texas 75001

**Wells Fargo Bank N.A., d/b/a Wells Fargo Dealer Se**
PO Box 19657
Irvine, CA 92623-9657

**Wells Fargo Dealer Services**
PO Box 3569
Rancho Cucamonga CA 91729

Case 3:15-bk-09086    Doc 20    Filed 02/16/16    Entered 02/16/16 12:19:48    Desc Main
Document    Page 10 of 10